UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24mj03335 Goodman

UNITED STATES OF AMERICA

vs.

BRYAN TOCHON, et al.,

    Defendants.
_____/

FILED BY ___KAN___ D.C.

Jul 2, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By:   */s/ Yvonne Rodriguez-Schack*
    YVONNE RODRIGUEZ-SCHACK
    Assistant United States Attorney
    FL Bar No. 794686
    99 N.E. 4th Street
    Miami, Florida 33132
    Tel: 305.961.9014
    Yvonne.Rodriguez-Schack@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Bryan Tochon, Wilmes Barcelo, Jose Lemus, Jesus Rodriguez, Louis Andres Suniaga, Jorge Luis Lopez, Evlides Oliveros, and Stiven Flores,<br><br>*Defendants,* | ) ) ) ) ) ) ) )  Case No. 1:24mj03335 Goodman |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __June 26, 2024__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Megan H. Jones, Special Agent-DEA
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 7/2/24

_____
*Judge's signature*

City and state: Miami, Florida

Hon. Jonathan Goodman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Megan H. Jones, being duly sworn, hereby depose and state the following:

1. I am employed as a Drug Enforcement Administration (DEA) Special Agent since July 2023. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Special Agent with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics trafficking organizations operate, including maritime drug traffickers. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against BRYAN TOCHON, WILMES BARCELO, JOSE LEMUS, JESUS RODRIGUEZ, LOUIS ANDRES SUNIAGA, JORGE LUIS LOPEZ, EVLIDES OLIVEROS, and STIVEN FLORES for conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. On or about June 26, 2024, a maritime patrol aircraft detected a Go-Fast Vessel (GFV) approximately 20 nautical miles east of Tucacas, Venezuela in international waters and

upon the high seas. The GFV had eight (8) individuals on board, four (4) outboard engines, packages on deck, and displayed no indicia of nationality.

4. HNLMS GRONINGEN, which was in the area, with a Law Enforcement Detachment Team ("LEDET") on board, was diverted to interdict and investigate. United States Coast Guard District 7 (D7) assumed tactical control over the HNLMS GRONINGEN and granted a Statement of No Objection for a right of visit boarding to stop a non-compliant vessel, including warning shots and disabling fire, on a profile GFV, reasonably suspected of drug smuggling, displaying no indicia of nationality, and located in international waters.

5. The HNLMS GRONINGEN with its LEDET embarked, launching two (2) small boats (FRISCS) and a Helicopter Interdiction Tactical Squadron. The Helicopter Interdiction Tactical Squadron employed warning shots, which were ineffective. The crew of the FRISCS then employed warning shots which were ineffective followed by disabling fire, which was effective. During the pursuit, the crew on the FRISCS witnessed the crew of the GFV jettisoning bales which were later recovered. The FRISCS arrived on scene and gained positive control of the GFV.

6. During the Right of Visit questioning, Bryan TOCHON identified himself as the master but did not make a claim of nationality for the vessel. Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed. All eight (8) individuals on board the GFV claimed Venezuelan nationality for themselves.

7. The boarding team recovered a total of eight (8) bales. USCG conducted two (2) field tests on the contents of the bales which field tested positive for cocaine. The approximate at sea weight of the cocaine was 228 kilograms.

8. Based on the foregoing facts, I submit that probable cause to believe that BRYAN TOCHON, WILMES BARCELO, JOSE LEMUS, JESUS RODRIGUEZ, LOUIS ANDRES SUNIAGA, JORGE LUIS LOPEZ, EVLIDES OLIVEROS, and STIVEN FLORES conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

FURTHER AFFIANT SAYETH NAUGHT.

_____
MEGAN H JONES
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Attested by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this __2nd__ day of July 2024.

_____
HONORABLE JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE